UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD OSTROSKI,
    Plaintiff,

v.

JOHN DOE, et al.,
    Defendants.

PRISONER
CASE NO. 3:12-cv-954(RNC)

**INITIAL REVIEW ORDER**

Plaintiff, incarcerated at MacDougall Correctional Institution ("MacDougall"), has filed a complaint *pro se* under 42 U.S.C. § 1983 claiming that the defendants, unidentified members of the Utilization Review Committee ("URC"), have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Pursuant to 28 U.S.C. § 1915, the Court must review the complaint and dismiss any part of it that fails to state a claim on which relief can be granted.

<u>The Complaint</u>

The complaint and accompanying medical records show the following. In March 2006, the plaintiff requested a colonoscopy on the grounds that he was over age fifty and his family had a history of polyps and colon problems. In May 2006, a physician determined that the plaintiff should be sent to the University of Connecticut Health Center ("UCONN") for screening for colon cancer. The physician recommended that the plaintiff undergo a gastrointestinal series of x-rays of the rectum, colon and intestines after the plaintiff had a barium enema. For an unknown reason, the plaintiff did not undergo the barium enema procedure in 2006.

In January 2007, a physician forwarded a second request for a barium enema for purposes of colon cancer screening to the URC. The URC approved the request and medical staff at MacDougall sent the plaintiff to UCONN for the barium enema in March 2007, but it could not be performed because the plaintiff had not been sufficiently prepared for the test. The plaintiff subsequently underwent the barium enema and gastrointestinal series of x-rays at the beginning of May 2007. The x-rays did not show colon polyps but they showed signs that the plaintiff suffered from diverticulitis. A physician prescribed medication for this condition.

The plaintiff submits no medical records for the period September 2007 through March 2010. Medical records beginning in April 2010 reflect that the plaintiff complained of constipation, cramps and occasional blood in his stool. The plaintiff requested that he be sent to UCONN for a colonoscopy because of his age and family history of colon cancer and polyps.

On June 15, 2010, Dr. Pillai submitted a request to the URC that the plaintiff be approved for a colonoscopy. On June 24, the URC denied the request but approved the plaintiff for a barium enema and x-rays of his rectum, colon and intestines. The plaintiff declined to undergo the barium enema procedure on the ground that the prior barium enema had shown nothing and he repeated his request for a colonoscopy.

On July 19, 2010, Dr. Pillai informed the plaintiff that his

request for a colonoscopy had again been denied. At some point, the URC approved a request that the plaintiff be evaluated by a gastroenterologist to determine if a colonoscopy was indicated. On December 16, 2010, a gastroenterologist examined the plaintiff at UCONN and concluded that he should be sent for a colonoscopy and blood tests.

On February 15, 2011, the plaintiff underwent a colonoscopy at UCONN. During the colonoscopy, the endoscopist removed a tiny polyp in the plaintiff's rectum. The endoscopist also noted that there was a 1.5 centimeter polyp at the opening to the appendix and recommended that the plaintiff be seen for a surgical consultation regarding the removal of this polyp.

On February 28, 2011, the URC approved a surgical consultation to evaluate the removal of the polyp at the opening to the appendix. The plaintiff underwent the consultation and the surgeon recommended that the polyp be removed. In July 2011, a nurse at MacDougall informed the plaintiff that his surgery had been scheduled. The complaint does not allege whether the surgery has been performed.

The complaint alleges that from July 2010 (when the URC denied Dr. Pillai's first request for approval of a colonoscopy) through February 2011 (when the colonoscopy was performed at UCONN), the plaintiff suffered "severe pain, constipation and bleeding." The complaint further alleges that "[a]s a result of the defendants['] failures, refusals, delays and denials to provide the plaintiff

with access to adequate medical evaluation and treatment, the plaintiff suffered unnecessary and unreasonabl[y] prolonged severe physical and emotional injuries to his stomach, digestive and colon areas."  Finally, the complaint alleges that "[a]s a result of the defendants['] delays and denials to evaluate the plaintiff in a proper and timely manner, the plaintiff suffers the following permanent injuries: (1) sudden, urgent, uncontrollable bowel movements, (2) painful daily constipation and pain during bowel movements, [and] (3) permanent scarring."

<u>Analysis</u>

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment.  See <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  But "the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law."  <u>Smith v. Carpenter</u>, 316 F.3d 178, 184 (2d Cir. 2003). To prevail on a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must prove that he had an objectively serious medical condition, that the defendant was aware of the plaintiff's need for treatment, and that the defendant denied or delayed necessary treatment knowing that the failure to provide prompt treatment involved a substantial risk of causing the plaintiff serious harm.  See <u>Salahuddin v. Goord</u>, 467 F.3d 263, 279-80 (2d Cir. 2006)(describing objective and subjective components of Eighth Amendment deliberate indifference

claim). When, as here, a prisoner complains about a delay in treatment, it is appropriate to focus on the delay in analyzing whether the alleged deprivation was, in objective terms, sufficiently serious to support an Eighth Amendment claim. Smith, 316 F.3d at 185.

The court concludes that the plaintiff has not alleged sufficient facts to support a plausible claim that members of the URC were deliberately indifferent to his medical condition in violation of the Eighth Amendment. In essence, the plaintiff claims that the members of the URC sued here as John Does violated his right to be free from cruel and unusual punishment by delaying the colonoscopy. To adequately plead such a claim, the complaint must allege facts permitting a reasonable inference (1) that the defendants' delay in approving the colonoscopy had consequences that were objectively sufficiently serious to support an Eighth Amendment claim and (2) that the defendants delayed the colonoscopy with a sufficiently culpable state of mind.

The allegations of the complaint are insufficient as to each of these prongs. The objective component of an Eighth Amendment claim "requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration or *extreme pain* exists." *Hill v. Curcione*, 657 F.3d 11, 122 (2d Cir. 2011)(emphasis added; internal quotations marks omitted). The allegation that the plaintiff experienced "severe pain, constipation and bleeding" between June

5

2010 and February 2011 is insufficient to satisfy this objective prong. With regard to the subjective prong, the allegations of the complaint show that the URC acted with reasonable promptness on the requests that were submitted on behalf of the plaintiff. In response to the first request, the URC approved a barium enema procedure to determine if a colonoscopy was needed. After the plaintiff rejected that alternative and renewed his request for a colonoscopy, the URC approved a consultation with a gastroenterologist. When the gastroenterologist recommended a colonoscopy, the URC approved the recommendation. This sequence of events does not support a reasonable inference that the members of the URC intentionally delayed the colonoscopy with reckless indifference to a substantial risk of serious harm to the plaintiff.

    Accordingly, it is hereby ordered that the § 1983 claims against the defendants for deliberate indifference to a serious medical need in violation of the Eighth Amendment based on the delay in approving the colonoscopy are dismissed pursuant to 28 U.S.C. § 1915A(b)(2). Ordinarily, when a pro se complaint fails to state a claim on which relief may be granted under § 1983, the plaintiff should be given an opportunity to correct the deficiencies identified by the court by filing an amended complaint. In this case, however, it is apparent from the allegations of the complaint and the underlying medical records that the URC's delay in approving the colonoscopy does not provide

the plaintiff with the basis for a constitutional claim against the defendants. The court declines to exercise supplemental jurisdiction over any state law claims the plaintiff might have relating to the delay in approving the colonoscopy.

The Pro Se Prisoner Litigation Office will send a courtesy copy of the Complaint, Exhibits and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit and a copy of this Ruling and Order to the plaintiff. The Clerk may close the file.

So ordered this 7th day of November 2012.

                                                /s/
                                       Robert N. Chatigny
                                  United States District Judge